Michael G. CHRISTIANSON, Plaintiff,

v.

James SPALDING, et al., Defendants.

No. C–82–922–JLQ.

United States District Court,
E.D. Washington.

Dec. 30, 1983.

---

AMENDED ORDER GRANTING DE-
FENDANTS' MOTION TO DISMISS
AND ORDER OF DISMISSAL WITH-
OUT PREJUDICE

QUACKENBUSH, District Judge.

Pending in the above entitled matter is defendants' Motion to Dismiss. Plaintiff in this § 1983 action challenges approximately thirty-three (33) separate "infractions" he has received for violation of prison rules while incarcerated at the Washington State Penitentiary over the past five years. Plaintiff purports to state a claim under 42 U.S.C. § 1983 by alleging that infractions failed to comply with the requirements of state regulations, thereby depriving him of due process of law under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Apparently, plaintiff challenges the adequacy of each proceeding against him, dating back to 1977 when he was first incarcerated. Although the pleadings submitted by a *pro se* litigant are entitled to a liberal construction, plaintiff in this complaint does not allege that defendants' published hearing procedures are inadequate. *See* Washington Administrative Code (WAC) Ch. 275–88. Instead plaintiff complains that those procedures were not followed in his case. Plaintiff seeks relief in the form of a declaratory judgment that defendants' practices denied him due process, a prospective injunction against continuation of these practices, retrospective relief setting aside the disciplinary actions taken against him, and damages.

In this Motion to Dismiss, defendants contend that since plaintiff is seeking the restoration of "good time" credits, he is, in effect, seeking a judgment that would shorten the term of his confinement. As such, defendants contend the plaintiff's claims fall "within the core of habeas corpus", *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and must be dismissed under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) as an unexhausted petition for federal habeas relief. Alternatively, defendants contend that even if an application of the holding in *Preiser v. Rodriguez, supra,* is not dispositive of each of the claims set forth in the instant complaint, plaintiff's complaint should be dismissed in its entirety in light of congressional intent in enacting the habeas and civil rights statutes, state-federal comity, and the policy of avoiding a multiplicity of litigation. In addition, defendants assert that as a result of the holding in *Rutledge v. Arizona Board of Regents,* 660 F.2d 1345 (9th Cir.1981), this court is bound to apply the rationale set forth in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), not only to negligent deprivations of prop-

erty without due process but also to intentional deprivations of liberty.[1]

By way of this motion, defendants charge the court with the difficult task of harmonizing *Preiser v. Rodriguez, supra,* with *Wolff v. McDonnell, supra.* While such a task is perhaps best left to those far removed from the front lines of prisoner litigation, given the relative dearth of appellate clarification in this area, lower federal courts in this Circuit have been compelled to hone their own views with the few substantive tools which have been provided.

Generally, in civil rights actions[2] the exhaustion of state remedies is not a prerequisite to the commencement of an action in federal court. *Cf. Patsy v. Florida Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). As the Court stated in *Monroe v. Pope,* 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961), "The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is involved."

Unlike the rule normally applicable to claims pursued under § 1983, the general rule in habeas corpus actions requires that state judicial remedies be exhausted prior to seeking relief in the federal forum.[3] This "exhaustion requirement" is compelled by the underlying doctrine of comity between state and federal judicial systems. The doctrine of comity, compelled by the "exigencies of federalism," dictates that a federal court "defer action on a case properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Fay v. Noia,* 372 U.S. 391, 415, 420, 83 S.Ct. 822, 839, 9 L.Ed.2d 837 (1963), *quoting Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950).

In *Preiser v. Rodriguez, supra,* the Court carved out an exception to the general rule that the exhaustion requirement was not to be applicable to civil rights actions. The Court there held that where suits for equitable relief under § 1983 would, because of the *overlap* in the scope of § 1983 and habeas corpus[4], fall "within the core of habeas corpus" (defined as a "challenge to the fact or duration of … confinement, 411 U.S. at 489, 93 S.Ct. at 1836), the exhaustion requirement of habeas must not be circumvented. The Court stated:

> Even if restoration of respondents' goodtime credits had merely shortened the length of their confinement, rather than requiring immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the very duration of their physical confinement itself.

411 U.S. at 487, 93 S.Ct. at 1835. The Court further stated:

> It would wholly frustrate the explicit congressional intent to hold that the respondents in the present case could evade [exhaustion of state remedies] by the simple expedient of putting a different label on their pleadings.

411 U.S. at 490, 93 S.Ct. at 1836.

However, the Court went on to hold that a damage claim which does not both *attack*

---

1. The United States Court of Appeals for the Ninth Circuit recently applied the rationale set forth in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) to deprivations of liberty. *See Haygood v. Younger,* 718 F.2d 1472 (9th Cir.1983). Clearly, the applicability of *Haygood* would be at issue were this court to decide the instant action on the merits. However, for the reasons set forth in the following discussion, the court need not reach that issue at this time.

2. 42 U.S.C. § 1983 was enacted by the 42d Congress as the Ku Klux Klan Act of April 20, 1871.

3. The habeas statute has existed in essentially unchanged form since its enactment just after

the ratification of the Constitution, Act of May 26, 1790, Ch. 11, 1 Stat. 122, and its re-enactment soon thereafter, Act of Mar. 27, 1804, Ch. 56, 2 Stat. 298–299.

4. The language of section 1983, which speaks in terms of "deprivation of … rights, privileges, or immunities secured by the Constitution and laws …." is broad enough to include an illegal deprivation of physical liberty, which is the essence of habeas corpus. *See Preiser v. Rodriguez, supra,* 411 U.S. at 482–489, 93 S.Ct. at 1832–1836.

the confinement and *seek* release may proceed without prior exhaustion of state remedies. The Court stated:

> If a state prisoner is seeking damages, he is attacking something other than the fact of length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

411 U.S. at 494, 93 S.Ct. at 1838. It is not clear from this decision whether an attack on confinement where release is not sought but damages are requires exhaustion.

One year later, in *Wolff v. McDonnell, supra,* the Court held that prisoners who challenged prison disciplinary procedures and requested money damages, injunctive restoration of good time credits and submission of a plan for a prison hearing procedure in a class action had only a limited § 1983 cause of action. The Court found that restoration of good time credits was foreclosed under the authority of *Preiser.* Nevertheless, the claim for damages arising from allegedly invalid disciplinary procedures could go forward while actual restoration of good time credit was concurrently sought in state proceedings. Although this opinion is unclear as to whether the loss of good time credit could be claimed as an element of damages, it does not appear that the Court so intended. The Supreme Court ruled that on remand the district court was foreclosed from issuing an injunctive restoration of good time credits, but could assist a plaintiff in obtaining "ancillary relief" by enjoining the prospective enforcement of invalid prison regulations. 418 U.S. at 554–55, 94 S.Ct. at 2973–2974.

From the Court's delineation of permissible uses of the district court's injunctive and declaratory powers on remand of *Wolff,* some federal courts have concluded that the Court authorized the district court to examine the constitutionality of the state prison procedure, and to award damages which were incidental to an invalid prison proceeding. *See Fulford v. Klien,* 529 F.2d 377, 380–81 (5th Cir.1976), *aff'd en banc* 550 F.2d 342 (1977); *Tarter v. Hury,* 646 F.2d 1010, 1012 (5th Cir.1981). The United States Court of Appeals for the Fifth Circuit has held that since the district court was expressly forbidden to enter an injunction concerning the merits of the issue before the state administrative body (*i.e.,* the proper length of confinement), it follows as a matter of logic that the district court was similarly prohibited from awarding damages for excessive confinement. Thus, the Fifth Circuit has rejected the argument that the propriety of a § 1983 action may be determined solely on the basis of the relief sought (*i.e.,* actions for money damages may go forward while actions for injunctive relief may not). As a result, in the Fifth Circuit habeas corpus is the exclusive initial cause of action where the basis of the claim goes to the constitutionality of the state court conviction. *Fulford v. Klien, supra. See also Clark v. Williams,* 693 F.2d 381 (5th Cir.1982); *McKinnis v. Mosely,* 693 F.2d 1054 (11th Cir.1982); *Thomas v. Dietz,* 518 F.Supp. 794 (D.N.J.1981).

While some commentators cling to the view that federal courts should determine the applicability of *Preiser* solely by reference to the *relief* sought (*i.e.,* damages versus "release") rather than by reference to the nature of the *claim* (*i.e.,* unconstitutional "conviction" versus an attack on the constitutionality of prison regulations),[5] the United States Court of Appeals for the Ninth Circuit has intimated its approval of the approach adopted by the Fifth Circuit. In *Franklin v. State Welfare Division,* 662 F.2d 1337, 1347 n. 13 (9th Cir.1981), the court stated:

> We note that Franklin's complaint in No. 80–3338 asks for damages, and that "[i]n the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy." *Preiser v. Rodriguez,*

5. *See* "Preiscr v. Rodriguez in Retrospect", 1977 UNIVERSITY OF ILLINOIS LAW FORUM 1086, reprinted in I. Robbins, *Prisoners' Rights Sourcebook,* Vol. II at 215–17 (1980).

411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973) (emphasis in original). Nonetheless, we find that the trial court was justified in construing Franklin's complaint as a habeas petition because Franklin brought his complaint pro se. Courts cannot expect a pro se litigant to adhere to formalistic pleading requirements.

Thus, the Court of Appeals for the Ninth Circuit appears to concur with the Fifth Circuit view that the demonination of a claim as one for civil rights or habeas relief should focus upon the nature of the claim asserted and not merely upon the relief sought.

■ The Court's holding in *Preiser* demonstrates the importance of preserving the integrity of the writ of habeas corpus, in its traditional context,[6] from circumvention of the limitations placed upon the writ. The writ is after all, the more specific remedy.[7] The Court was also concerned with maintenance of due respect toward principles of comity and federalism by avoiding interference with matters of intense and intimate state concern. *Cf. Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

While there is no contemporary action proceeding in state court which could trigger abstention by this court in the instant case in the interests of comity, a ruling on the merits of the instant action by this court would still potentially cause state-federal friction and encroach upon the intent of Congress in enacting the habeas statutes. Just as a state court adjudication adverse to plaintiff will bar a federal § 1983 action, *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), if plaintiff first succeeds in obtaining a federal judgment that his conviction or sentence is constitutionally invalid, a state court

would be bound by that judgment. Thus, a federal judgment for damages could be used by a state defendant to obtain his release from, or prevent, his incarceration, thereby presuming upon, if not preempting, the province of the Great Writ. As the Supreme Court stated in *Rose v. Lundy, supra*, exhaustion is required because the doctrine of comity entitles the states "the first opportunity to review all claims of constitutional error", 455 U.S. at 518–19, 102 S.Ct. at 1203, and because unified federal review of all claims is likely to be "more focused and thorough". 455 U.S. at 520, 102 S.Ct. at 1204.

While it may be unfortunate from plaintiff's point of view that a claim styled as one for damages under § 1983 is found to fall "within the core of habeas corpus", thus necessitating exhaustion, the fact of the matter is that federal relief in the form of immediate or more speedy release from incarceration (normally a matter of more pressing concern) is subject to just this sort of delay. Moreover, just as the exhaustion requirement of habeas corpus is subject to the condition that exhaustion is not necessary where "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner," 28 U.S.C. § 2254(b), the requirement that state criminal proceedings be completed before suit for damages may be instituted may be inapplicable where the result might be that the right to sue would be lost entirely, as for example, where the statute of limitations had run. *Cf. Still v. Nichols*, 412 F.2d 778 (1st Cir.1969); *Odsen v. Moore*, 445 F.2d 806 (1st Cir.1971). Further, other considerations outweigh any temporal delay imposed upon the litigant who presses a § 1983 damage claim based on an alleged unconstitutional conviction which the highest state court has not yet

---

6. Although habeas may be used to secure relief relating to the *conditions* of confinement, *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), as well as its duration, the *Preiser* circumvention rule was meant only to protect the integrity of the latter, traditional, function of habeas, *see* 411 U.S. at 499–500, 93 S.Ct. at 1841–1842.

7. Where a general statute and a specific statute speak to the same concern, precedence is given to the terms of the specific, even if the general was enacted later. *Simpson v. United States*, 435 U.S. 6, 15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70 (1978).

been allowed to rule. Damage to the smooth operation of state criminal justice and correctional systems, injury to the proper working of the federal system and the undermining of the legislative intent concerning federal habeas relief—all are harms that can be avoided by requiring that such § 1983 damage actions be deferred. *See Guerro v. Mulhearn*, 498 F.2d 1249 (1st Cir.1974).[8]

 When confronted with a motion to dismiss, the district court is required to construe all well-pleaded factual allegations of the non-moving party as true and to resolve all inferences which flow from these facts in his favor. Fed.R.Civ.P. 12(b)(6), (c), (h)(2); *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1982). A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that plaintiff would not be entitled to relief under any state of facts which could be proven. Fed.R.Civ.P. 12(b)(6).

 Based upon the foregoing, the court finds that plaintiff would not be entitled to relief in this court as plaintiff's claims fall "within the core of habeas corpus", *Preiser v. Rodriguez, supra*, and plaintiff has made no showing that he has exhausted state judicial remedies as to each claim. *Rose v. Lundy, supra*. Where there is no indication that a federal habeas petitioner has exhausted all state judicial remedies, the district court will normally not consider the petition in the interests of comity. *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir.1983). Accordingly, defendants' Motion to Dismiss is GRANTED. The complaint is HEREBY DISMISSED WITHOUT PREJUDICE. As this ruling is dispositive of the complaint, the court need not address other motions now pending.

8. In *Guerro,* the court noted:

Another advantage to deferring the civil rights damage action in this setting is judicial economy. Once the state criminal process is completed, both habeas corpus and civil rights damage relief can be sought simultaneously in the federal district court. It may even be possible to consolidate the suits. The burden

The court finds that this action involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from this Order may materially advance the ultimate termination of this and other litigation. The plaintiff may apply to the United States Court of Appeals for the Ninth Circuit for permission to appeal this Order. Such an application must be filed with the Court of Appeals within ten (10) days after the entry of this Order. 28 U.S.C. § 1292(b).

IT IS SO ORDERED.

upon both the prisoner and his adversaries, as well as upon the federal courts, is consequently reduced. Moreover, the amount of damages that may be recoverable will in many cases be more easily and surely determined, and attack for failure to mitigate, or for speculativeness will be more difficult. 498 F.2d at 1254 n. 15.