**Kenneth HANSON, Plaintiff-Appellant,**

v.

**Jon HECKEL, Defendant-Appellee.**

No. 84–2819.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 15, 1986.[*]

Decided May 21, 1986.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement

as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Kenneth Hanson, for plaintiff-appellant.

William D. Frazier, Asst. Atty. Gen., Patricia Rosen, Ill. Atty. Gen., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, and WOOD and RIPPLE, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a state prisoner's civil rights action. *See* 42 U.S.C. § 1983. The district court con-

strued all the claims as sounding in habeas corpus and denied relief for failure to exhaust state court remedies. We affirm.

Petitioner Kenneth Hanson is an inmate presently incarcerated at Illinois' Centralia Correctional Center, although he initially was committed to the Vandalia Correctional Center, in Vandalia, Illinois. Hanson claims that, while he was at Vandalia, its warden, Jon Heckel, denied him various amounts of meritorious good time in violation of his constitutional rights under the Due Process and Equal Protection Clauses. He brought two *pro se* civil rights actions against Heckel.[1] Hanson requested that the district court enter a declaratory judgment and award damages for the alleged deprivation of meritorious good time credits; he did not request the award or restoration of any credits. Hanson also asserted that he had pending in the Illinois state courts a habeas corpus action against Heckel that dealt with the identical claims he now raises. Notwithstanding the absence of a specific request for habeas corpus relief, the district court nonetheless proceeded to construe Hanson's allegations liberally under the dictates of *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), and concluded that Hanson raised issues properly the basis for determination in a habeas corpus action. Since Hanson plainly conceded that he had not exhausted his state court remedies, the court dismissed the action under 28 U.S.C. § 2254(b).[2] The court then proceeded to conclude that, in any event, Hanson failed to raise a cognizable constitutional claim. The district court denied Hanson's motion for reconsideration, and Hanson appealed. On appeal, Hanson argues that it was incorrect to construe his action as one for habeas corpus relief and to require exhaustion of state remedies. Cit-

---

1. The district court consolidated both suits for disposition.

2. Section 2254(b) provides:

    An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has ex-

    hausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

    28 U.S.C. § 2254(b).

ing *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), Hanson contends that an action such as his which seeks money damages and declaratory relief but does not include a request for a speedier release may be brought properly under 42 U.S.C. § 1983. We disagree.

■ Exhaustion of state remedies generally is not required when an action is brought under Section 1983. *Patsy v. Board of Regents,* 457 U.S. 496, 507, 102 S.Ct. 2557, 2563, 73 L.Ed.2d 172 (1982); *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492 (1961). But when a state prisoner brings a civil rights action and raises constitutional issues that directly relate to the fact or duration of his confinement and are cognizable in habeas corpus, the competing interests underlying habeas relief, including the exhaustion requirement, must prevail. In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court explicitly reaffirmed the holdings of a number of then recent prisoner cases (all of which related solely to prison officials' alleged unconstitutional "treatment" of prisoners while in confinement) which established the right of state prisoners to bring federal civil rights actions. The Court stated that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez,* 411 U.S. at 499, 93 S.Ct. at 1841. "[The] latter claim ... is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies," *id.* at 499 n. 14, 93 S.Ct. at 1841 n. 14, and "must override the general terms of § 1983." *Id.* at 490, 93 S.Ct. at 1836.[3] Attempts to circumvent the habeas corpus statute will be repudiated. *Id.* at 489–90, 93 S.Ct. at 1836.[4]

*Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), is not to the contrary and supports our reading of *Preiser.* Citing footnote 14 of *Preiser v. Rodriguez,*[5] the *Wolff* Court concluded that *"Preiser* expressly contemplated that claims *properly* brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings." *Wolff v. McDonnell,* 418 U.S. at 554, 94 S.Ct. at 2974 (emphasis

---

**3.** While the Court also stated that "[i]n the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy," *Preiser v. Rodriguez,* 411 U.S. at 494, 93 S.Ct. at 1838 (emphasis in original), it did so in dictum and was referring to claims of a nature other than those Hanson now presents. By "a damages claim," the Court plainly contemplated actions in which the state prisoner "is attacking something other than the fact or length of his confinement...." *Id.* The Court went on to comment that "the traditional purpose of habeas corpus," *i.e.,* relief entailing an "immediate or more speedy release," is not a part and parcel of that a prisoner seeks when he asks for "damages." *Id.*

**4.** In his dissent in *Preiser,* Justice Brennan wrote:

In a case where the habeas corpus statute does provide an available and appropriate remedy, and where a prisoner's selection of an alternative remedy would undermine and effectively nullify the habeas corpus exhaustion requirement, it would, of course, be possible to view the suit as an impermissible attempt to circumvent that requirement. But by the same token, if a prisoner seeks to challenge only the conditions of his confine-

ment—in which case the purposes underlying the exhaustion rule do not come into play—his filing should be considered a complaint under § 1983 even if the prisoner terms it a petition for habeas corpus. That result is consistent with the view that prisoner petitions should be liberally considered, *Price v. Johnston,* 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948), and it represents no threat to the integrity of the exhaustion doctrine. Nothing in today's decision suggests that the district courts should follow any other practice.

*Preiser v. Rodriguez,* 411 U.S. at 524 n. 24, 93 S.Ct. at 1854 n. 24 (Brennan, J., dissenting).

**5.** Footnote 14, in its entirety, reads as follows:

If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim, under our decision today, is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies. But, consistent with our prior decisions, that holding in no way precludes him from simultaneously litigating in federal court, under § 1983, his claim relating to the conditions of his confinement.

*Preiser v. Rodriguez,* 411 U.S. at 499 n. 14, 93 S.Ct. at 1841 n. 14.

added). *Wolff* does not stand for the proposition that exhaustion is not required where, as here, there exists an undeniably direct and specific relationship between the challenged conduct and a change in the prisoner's release date.

■ Hanson states that under the Illinois Department of Corrections' early release program he "expected to be released" "via the grant of meritorious good time" but was not and claims that "no reason was given to appellant, despite his demand, as to why he was not so released." Appellant's Brief at 1. Similarly, Hanson alleges that on two other occasions he was "deprived of ten days of [meritorious good time], for disciplinary purposes, with no procedural protection at all," and "denied some thirty-five days of this credit for an irrational reason...." *Id.* at 2. As to each alleged deprivation of good time credits, Hanson requested damages and a declaration that his constitutional rights had been violated. *Id.* But, in order to establish a civil rights claim, Hanson was required to show that the deprivation of which he complains caused him injury, *see Garza v. Henderson,* 779 F.2d 390, 395–96 (7th Cir.1985), and the injury of which Hanson complains, of course, is the loss or deprivation of meritorious good time. Thus, to entertain Hanson's challenge would be tantamount to a decision on his entitlement to a speedier release, and under both *Preiser* and *Wolff,* a matter that is

foreclosed from consideration until all state remedies have been exhausted.

We decline, as Hanson would have us do, to determine the applicability of *Preiser* solely by reference to the *relief* sought rather than by reference to the *nature of the claim.* Cf. *Palmer v. City of Chicago,* 755 F.2d 560, 573 (7th Cir.1985) ("once a ... plaintiff ... begins an attack upon the fact or duration of his imprisonment, then his exclusive remedy in Federal court is habeas corpus relief"); *Larsen v. Sielaff,* 702 F.2d 116 (7th Cir.) (although prisoner's Section 1983 action, seeking expungement of disciplinary record, restoration of good time and damages, was allowed to proceed in district court following deletion of the good time request, because resultant consent decree awarded plaintiff first two items of relief but no damages, the matter was a habeas proceeding for purposes of Section 1988 fee award), *cert. denied,* 464 U.S. 956, 104 S.Ct. 372, 78 L.Ed.2d 330 (1983); *Drollinger v. Milligan,* 552 F.2d 1220, 1224–25 (7th Cir.1977) (state probationer's challenge as unconstitutional certain conditions of her probation not an appropriate subject matter for a Section 1983 suit).

We add that our holding today is compatible with those of circuits that have addressed the issue.[6] *See Hanley v. Werner,* 753 F.2d 514, 516 (6th Cir.1985) (per curiam) (although inmate's civil rights complaint sought damages rather than release,

6. Today's result is plainly foreshadowed by cases from this circuit and others. In *Lumbert v. Finley,* 735 F.2d 239 (7th Cir.1984), this court concluded that the mere fact "[t]hat a [state prisoner's *pro se*] complaint falls within the literal terms of section 1983 is not controlling; section 1983 jurisdiction is displaced by the habeas remedy in a situation where it 'clearly applies.'" *Id.* at 242, citing *Preiser v. Rodriguez,* 411 U.S. at 489, 93 S.Ct. at 1836. The plaintiff in *Lumbert* had claimed that the clerk of the state trial court refused to send him his trial transcript and thereby was delaying his access to the appellate process; he sought monetary damages and his transcript. Concluding that the plaintiff properly could pursue his action under Section 1983, a panel of this court reasoned that "[t]o argue that the provision of the transcript might have resulted in a successful appeal of [the plaintiff's] murder conviction, a new trial, and possible acquittal, and thereby

would have indirectly affected the fact of his confinement, is to speculate in a Palsgrafian fashion that provides too tenuous a basis for the determination whether an action properly is characterized as an exclusive habeas corpus action." *Lumbert v. Finley,* 735 F.2d at 242; *see also Georgevich v. Strauss,* 772 F.2d 1078, 1087 (3d Cir.1985) (en banc) ("that a prisoner's success in the litigation *might* increase the chance for early release does not, in itself, transform the action into one for habeas corpus" (emphasis added)); *Clutchette v. Procunier,* 497 F.2d 809, 813–14 (9th Cir.1974) (the *Preiser* displacement rule is not applicable where the effect of prison disciplinary procedures on the duration of plaintiffs' sentences is "nebulous," "speculative and incidental"), *as modified,* 510 F.2d 613 (9th Cir.1975), *rev'd on different grounds sub nom. Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

a necessary portion of his claim challenged the validity of his conviction and consequent confinement; dismissal of action proper and inmate directed to pursue relief in habeas corpus proceeding); *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 682 (9th Cir.1984) (summary judgment proper as to prisoner's action for declaratory relief where basis of claim is a challenge to the constitutionality of conviction; "initial and exclusive" remedy lies in habeas corpus); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983) (if a prisoner challenges a " 'single allegedly defective [disciplinary] hearing,' " he attacks, in essence, the fact and duration of his custody; whatever relief is sought for an isolated incident, the prisoner must resort to habeas corpus and exhaust state remedies); *Todd v. Baskerville,* 712 F.2d 70, 73 (4th Cir. 1983) (prisoner's Section 1983 action, seeking damages and restoration of good time, would be dismissed for failure to exhaust since "core" of the claim was the duration of sentence and any claim of damages was ancillary to and dependent on its favorable resolution); *Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir.1981) (the propriety of a prisoner's Section 1983 action is not determined solely on the basis of relief sought; rather, if upon examination the basis of the claim directly draws into question the validity of the fact or length of confinement, the exclusive remedy is habeas corpus); *see also Parkhurst v. State of Wyoming,* 641 F.2d 775, 777 (10th Cir.1981) (per curiam) (where resolution of prisoner's

claim for money damages would involve a determination of validity of state court conviction presently before state supreme court, Section 1983 action should be stayed during its pendency).[7]

We thus construe Hanson's action as a petition for a writ of habeas corpus. Because Hanson's right to seek Section 1983 relief will not be prejudiced by the running of the relevant statute of limitations, *see* Ill. Rev. Stats. ch. 110, sec. 13–211;[8] *Bailey v. Faulkner,* 765 F.2d 102, 103–04 (7th Cir.1985); *Duncan v. Nelson,* 466 F.2d 939, 941–42 (7th Cir.1972), the district court properly dismissed Hanson's action for failure to exhaust state court remedies.

AFFIRMED.

---

7. *See also Christianson v. Spalding,* 593 F.Supp. 500, 504–05 (E.D.Wash.1983) (denomination of a claim as one for civil rights or habeas relief should focus upon the nature of the claim asserted and not merely upon the relief sought; inmate's civil rights action fell "within the core of habeas corpus," requiring exhaustion of state judicial remedies); *Barnes v. Wolff,* 586 F.Supp. 312, 314–15 (D.Nev.1984) (propriety of actions brought under Section 1983 not to be based solely on the type of relief sought, but rather to focus on the nature of the basis for relief; where finding as to entitlement to damages would show reduction in sentence was required, "initial and exclusive remedy" lies in habeas corpus); *Derrow v. Shields,* 482 F.Supp. 1144, 1149 (W.D.Va.1980) (whenever a state prisoner's Section 1983 attack falls "within the core of habeas corpus," *i.e.,* the resolution of the action

"would necessarily involve a determination of the validity or invalidity of his present confinement," a writ of habeas corpus is the "exclusive initial remedy" and exhaustion of state judicial remedies is mandatory). *But see Faheem-El v. Klincar,* 600 F.Supp. 1029 (N.D.Ill.1984); *United States ex rel. McCalvin v. Irving,* 504 F.Supp. 368 (C.D.Ill.1980).

8. Section 13–211 provides:

If the person entitled to bring an action, specified in Sections 13–201 through 13–212 of this Act, at the time the cause of action accrued, is under the age of 18 years, or under legal disability, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed.

Ill.Rev.Stats. ch. 110, sec. 13–211.