815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy Lee GABBARD, Plaintiff-Appellant,
v.
Leonard L. KOPOWSKI, Louis A. Ball, Kenny Page, Marc Brandt,
Frank Henson, Jim A. Kidney, David A. Howard, City
of Newport Police Department, and County
of Campbell, Kentucky,
Defendants-Appellees.
 No. 86-5095.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1987.
 
 ORDER
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action brought under 42 U.S.C. Sec. 1983, plaintiff seeks monetary damages from several individuals and entities in connection with an alleged conspiracy to deprive him of certain constitutional rights. The end result of this alleged conspiracy as delineated by plaintiff was his conviction for murder in 1984. The district court dismissed the complaint and this appeal followed. On appeal the parties have briefed the issues.
 
 
 3
 In Hadley V. Werner, 753 F.2d 514 (6th Cir. 1985) (per curiam), we held that a federal court should refrain from deciding 1984. The district court dismissed the complaint and this appeal followed. On appeal the parties have briefed the issues.
 
 
 4
 In Hadley V. Werner, 753 F.2d 514 (6th Cir. 1985) (per curiam), we held that a federal court should refrain from deciding a civil rights action for damages where disposition would involve a ruling implying that a state conviction is or would be illegal. We held that a claimant in such an action should be directed to pursue relief through a 28 U.S.C. Sec. 2254 petition for habeas corpus. Cf. Hanson v. Heckel, 791 F.2d 93, 96 (7th Cir. 1986) (per curiam). The district court in the instant case correctly found plaintiff Gabbard's complaint to fall within the parameters of Hadle . To this extent we affirm the dismissal of this civil rights action. We must modify this judgment, however, to permit plaintiff to refile this action should he establish, through a petition for writ of habeas corpus, that his homicide conviction was constitutionally infirm.
 
 
 5
 It is therefore ORDERED that the final order of the district court is modified to the extent that the civil rights action is dismissed without prejudice to refile and that it is affirmed in all other respects. Rule 9(d)(3), Rules of the Sixth Circuit.