**David Allan CRANE, Plaintiff,**

v.

**Donald GASPARINI, et al., Defendants.**

**No. 87 C 20547.**

United States District Court,
N.D. Illinois, W.D.

Sept. 12, 1989.

Tony Fabiano, Rockford, Ill., for plaintiff.

Gary L. Kovanda, States Attorney's Office, Rockford, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

This action comes before the court as defendants' motion to dismiss for failure to state a cause of action. For the reasons stated below, this court grants defendants' motion to dismiss this action without prejudice.

## BACKGROUND

Plaintiff, David Allan Crane, originally brought this action pro se, pursuant to 42 U.S.C. § 1983. Counsel has since been appointed for plaintiff in this matter, however plaintiff's complaint has not been amended. Plaintiff alleges that defendants acted in bad faith and under color of state law in violation of plaintiff's civil rights when defendants deliberately conspired to obtain plaintiff's admission or confession which led to his subsequent conviction for murder in Winnebago County, Illinois.

According to plaintiff's complaint, the events giving rise to this lawsuit are as follows. On January 6, 1987 and January 7, 1987, in Winnebago County, Illinois, defendants Donald Gasparini, Sheriff of Winnebago County; Paul Logli, Winnebago County State's Attorney; and Larry Shultz and Roger Costello, Winnebago County Deputy Sheriffs, deliberately conspired to obtain an admission or confession from the plaintiff regarding a murder in Winnebago County, Illinois.

On January 7, 1987, in Dona Ana County, New Mexico, Defendants Larry Shultz and Roger Costello deliberately "surprised, frightened, badgered, and intimidated, and thereby coerced and compelled the plaintiff to make an unreliable oral statement" in connection with the Winnebago County murder. Plaintiff's Complaint at 3. Plaintiff claims to have had no knowledge of the murder at the time he made the statements to defendants Shultz and Costello. In Au-

gust 1987, plaintiff was brought to trial on the murder charge in Winnebago County, Illinois. The allegedly involuntary and uncounseled oral statements made by the plaintiff in New Mexico to defendants Shultz and Costello, were admitted into evidence at plaintiff's jury trial. Plaintiff was convicted of murder and sentenced to 40 years imprisonment. On October 7, 1987, plaintiff filed a notice of appeal in the Appellate Court of the State of Illinois, Second District. Plaintiff's state appeal is presently pending.

Plaintiff alleges, pro se, that defendants deliberately conspired with each other to obtain an admission or confession by intimidating and coercing him without assistance of counsel in violation of plaintiff's rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. In addition, to plaintiff's conspiracy allegations, plaintiff alleges that defendants deliberately caused plaintiff's "involuntarily obtained and uncounseled and unreliable oral statements to infect the plaintiff's jury trial" for murder in Winnebago County, Illinois. Plaintiff alleges that the admission of plaintiff's unlawfully obtained statements "... substantially contributed to the imprisonment of the plaintiff on false murder charges ..." which deprived plaintiff of his right to a fair trial, his right to testify in his own behalf and his right to due process of law. Plaintiff claims that defendants' conduct caused him "irrevokable [sic] injustice and mental, physical and spiritual anguish." Plaintiff's complaint at 4. Plaintiff seeks actual damages in the amount of two million dollars, punitive damages in the amount of ten million dollars, and "for such other and further relief as law and justice may require." Plaintiff's Complaint at 4.

Defendants brought a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Defendants seek dismissal because plaintiff's complaint is a challenge to the fact or duration of his confinement upon his conviction for murder and his subsequent incarceration. Defendants claim that plaintiff's § 1983 claim is a petition for habeas

corpus in disguise, and that under the federal habeas corpus statute, 22 U.S.C. § 2254(b) and (c), plaintiff must first exhaust his state remedies before plaintiff is eligible for § 1983 relief due to the nature of plaintiff's cause of action. Plaintiff contends that he is not seeking habeas corpus relief, but only money damages because defendants deprived plaintiff of his civil rights. Plaintiff urges denial of defendants' motion for these reasons.

## DISCUSSION

In analyzing a motion to dismiss, the court will not dismiss the complaint unless it is clear that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). After plaintiff filed his notice of appeal in the Illinois Appellate Court, plaintiff filed a pro se complaint in this court. On March 16, 1988 defendants' motion to dismiss was filed, and on April 12, 1988, this court appointed counsel for the plaintiff. Without amending plaintiff's complaint, plaintiff's counsel responded to the motion to dismiss. Nevertheless, because plaintiff's complaint is pro se and counsel was appointed after defendants filed their motion to dismiss, this Court holds that the more liberal standard accorded to pro se plaintiffs under *Haines, supra* 92 S.Ct. at 596, is still applicable in this case.

Defendants seek dismissal of plaintiff's § 1983 complaint because the core of plaintiff's cause of action is a challenge to the fact or duration of his confinement, and that plaintiff's § 1983 action is a petition for habeas corpus relief in disguise. The essence of habeas corpus is a petition by the person in custody to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973). Defendants contend that 28 U.S.C. § 2254(b) and (c) require plaintiff to first exhaust his state judicial

remedies before this court can entertain plaintiff's cause of action.

If a remedy under the Civil Rights Act is available, plaintiff need not first seek redress in a state forum. *Preiser v. Rodriguez,* 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) citing *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). If, on the other hand, habeas corpus is the exclusive federal remedy, a plaintiff cannot seek intervention of the federal court until he has exhausted his state remedies. *Preiser v. Rodriguez,* 411 U.S. at 477, 93 S.Ct. at 1830. Congress has determined that habeas corpus is the exclusive federal remedy for state prisoners who attack the validity of fact or length of confinement, and that the specific provisions of 28 U.S.C. § 2254 must override the general terms of § 1983. *Id.* at 489–90, 93 S.Ct. at 1836. If a state prisoner is seeking damages, he is generally attacking something other than the fact or duration of his confinement, and a state prisoner can bring an action for damages under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies. *Id.* at 494, 93 S.Ct. at 1838.

In *Preiser,* the plaintiff did not seek damages but only equitable relief—restoration of good time credits. Since a determination of whether plaintiff's credits would be restored affected the length of his confinement, the United States Supreme Court held that Preiser's § 1983 complaint was to be construed as a petition for habeas corpus. Preiser's complaint was dismissed because his state court remedies had not been exhausted. The United States Supreme Court limited its holding in *Preiser* to a situation where a state prisoner brings a civil rights action claiming only equitable relief, not damages. *Preiser,* 411 U.S. at 494, 93 S.Ct. at 1838.

The instant case is quite unlike the facts in *Preiser* because here, although plaintiff's complaint is similarly silent on the issue of release, plaintiff's § 1983 action seeks monetary damages as well as other relief as law and justice may require. Unfortunately, the United States Supreme Court has not specifically addressed the issue whether the determination of a state prisoner's claim for damages under § 1983 could implicate a determination of the validity of plaintiff's conviction on appeal in the state courts. Defendants claim that the core of plaintiff's § 1983 claim for damages concerns the fact of his confinement.

While the United States Supreme Court has yet to rule in this specific area, the Seventh Circuit has addressed this issue in two relatively recent cases. In *Crump v. Lane,* 807 F.2d 1394, 1401 (7th Cir.1986), the court held that where a determination of a state prisoner's federal cause of action would be tantamount to a decision that the plaintiff is illegally confined in violation of the United States Constitution, the plaintiff must first exhaust state remedies before he can properly maintain a § 1983 action for damages arising out of his allegedly illegal confinement. In *Hanson v. Heckel,* 791 F.2d 93 (7th Cir.1986), the Seventh Circuit held that plaintiff's § 1983 action, which sought only money damages and declaratory relief, was properly dismissed because the core of plaintiff's action directly drew into question the validity of the fact or length of his confinement. *Hanson* involved a state prisoner's § 1983 action for damages and restoration of good time credit. Although arguably the facts in *Hanson* more clearly evidence a claim for a speedier release than the facts in the instant case, the Seventh Circuit specifically stated that the decision in *Hanson* is compatible with other circuits which have addressed the issue involving different sets of circumstances. *Hanson,* 791 F.2d at 96–97. Specifically, the Seventh Circuit notes that its decision is compatible with that of the Tenth Circuit in *Parkhurst v. State of Wyoming,* 641 F.2d 775 (10th Cir.1981) (per curiam).

In *Parkhurst,* a state prisoner sought money damages under 42 U.S.C. § 1983, while a state criminal appeal was pending regarding the constitutionality of his conviction due to an allegedly illegal search and arrest, and for false imprisonment. The Tenth Circuit held that if the district court ruled on plaintiff's § 1983 claim, it would call into question the validity of the state conviction presently before the state su-

preme court. "This would frustrate the spirit, if not the letter of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) which bars federal court interference with ongoing state criminal proceedings." *Parkhurst,* 641 F.2d at 777 (citations omitted). The Tenth Circuit noted that as a matter of comity, the district court correctly refused to consider plaintiff's claim for money damages during the pendency of his direct criminal appeal. *Parkhurst,* 641 F.2d at 777.

In the present case, in order for plaintiff to prevail in his civil rights claim for damages, plaintiff must show that the injury he suffers is a proximate result of defendants' obtaining an illegal statement which was used against him at trial. If plaintiff is able to show in a civil § 1983 trial that these facts are true, plaintiff's conviction and subsequent incarceration would, *ipso facto,* be unconstitutional. Thus, if this court decided in favor of the plaintiff in the § 1983 case, it would be tantamount to a decision that plaintiff is being illegally confined in violation of the United States Constitution. *See Hanson,* 791 F.2d at 96; *Crump,* 807 F.2d at 1401.

For these reasons, this Court believes that plaintiff's § 1983 claim would call into question the validity of plaintiff's state court conviction presently before the Illinois Appellate Court. The Court finds the Seventh Circuit's opinion in *Hanson* and *Crump* controlling to the extent that, as a matter of comity, plaintiff's claim for damages must be dismissed during the pendency of plaintiff's direct criminal appeal in the state court. The Court notes that the United States Supreme Court decision in *Preiser* does not necessarily dictate such a result, however, the Court also believes that the instant decision does not contravene the holding in *Preiser.*

Therefore, for the foregoing reasons, this Court grants defendants' motion to dismiss this action. Such dismissal is granted without prejudice.