**Maceo WILLIS, Jr., Plaintiff,**

v.

**Ernest BELL, et al., Defendants.**

**No. 86 C 9589.**

United States District Court,
N.D. Illinois, E.D.

Feb. 16, 1990.

Robert O. Case, Jeffrey E. Schiller and Michael F. Braun, Schuyler, Roche & Zwirner, Chicago, Ill., for plaintiff.

Kelly R. Welsh and Diane J. Larsen, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In part this Court's December 4, 1989 memorandum opinion and order, 726 F.Supp. 1118 ("Opinion II") directed the litigants to readdress this Court's January 5, 1988 dismissal of a number of the constitutional claims then advanced on behalf of Maceo Willis, Jr. ("Willis") by his appointed counsel (Opinion II at 1119 n. 6). That directive stemmed from our Court of Appeals' change in signals in *Viens v. Daniels*, 871 F.2d 1328, 1333–34 (7th Cir.1989) as to the interrelationship between a state prisoner's claims under 42 U.S.C. § 1983 ("Section 1983") and his or her possible remedies via habeas corpus. Both sides have now responded, and Willis clearly has the better of it.

Whatever doubts this Court may have had pre-*Viens* as to whether the doctrine announced in *Hanson v. Heckel*, 791 F.2d 93, 95–96 (7th Cir.1986) (per curiam) and *Crump v. Lane*, 807 F.2d 1394, 1401 (7th Cir.1986) could be squared entirely with the teachings of *Preiser v. Rodriguez*, 411 U.S. 475, 494, 499 n. 14, 500, 93 S.Ct. 1827, 1838, 1841 n. 14, 1842, 36 L.Ed.2d 439 (1973) and *Wolff v. McDonnell*, 418 U.S. 539, 554–55,

94 S.Ct. 2963, 2973–74, 41 L.Ed.2d 935 (1974), it was still this Court's obligation to follow our Court of Appeals' unambiguous reading of the Supreme Court's opinions in those cases. Accordingly this Court's "Opinion I" in this case (687 F.Supp. 380, 384–85 (N.D. Ill.1988)) dismissed three of Willis' Section 1983 claims as essentially sounding in habeas corpus and as still unexhausted in terms of that potential remedy.

Now *Viens*, 871 F.2d at 1333–34 teaches otherwise. Though *Viens* there said the Court of Appeals did not find it necessary to resolve the "significant tension between the Supreme Court's decisions in *Preiser* and *Wolff*, on the one hand, and our own decisions in *Hanson* and *Crump*, on the other" (*id.* at 1333), this Court finds that the message plainly given by *Viens* calls for a turning away from the *Hanson–Crump* "nature of the claim" approach to one based on the *relief* sought. Under the circumstances it is plainly better to revive Willis' claims here—and if the Court of Appeals were again to change its view before this case reaches the trial stage, this Court will of course again conform its own views to the upper court's directive as responsible jurisprudence commands.[1]

Accordingly this Court is indeed prepared to reinstate the previously-dismissed claims. This action is set for a status hearing at 9 a.m. February 26, 1990 to discuss what may be needed by way of further discovery to ready the case for trial.

---

**1.** If the case goes to trial on the newly-revived theories and if Willis then prevails at trial, defendants will at that point have the opportunity to present the question to the Court of Appeals—and the case would be over whichever way that court ruled. But if instead the claims were to be left suppressed and if the case then went to trial on the present claims alone, thus forcing Willis to appeal whether or not he won on those claims, and if at that point this Court's view of *Viens* proved an accurate reading of the Court of Appeals' purpose, the case would have to come back for still another trial. That seems an extraordinarily wasteful prospect.