916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin K. GARNER, Plaintiff-Appellant,
v.
Ray JUSTEK, Member, Indiana Parole Board, et al.,
Defendants-Appellees.
 No. 90-1214.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 9, 1990.*
Decided Oct. 17, 1990.
Rehearing Denied Dec. 12, 1990.
 
 Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Kevin Garner was arrested and charged with an offense committed during his parole on an earlier sentence. The Indiana Parole Board then issued a warrant holding him on a charge of violating the conditions of his release. While detained on the Board's warrant, Garner pleaded guilty to the new offense. He is now in jail on the term he received for that crime.
 
 
 2
 Garner filed this action under 42 U.S.C. Sec. 1983 seeking damages from his parole officer and the members of the Board. His theory is that his parole ended before his arrest, so that the Board acted without "jurisdiction". Confinement on the warrant weakened his defense on the new criminal charge, Garner says, leading him to plead guilty. The damages he seeks apparently reflect the injury of being imprisoned on his own plea of guilty.
 
 
 3
 To state the claim is to reveal that it is a challenge to the fact or duration of his imprisonment. Such challenges must be brought under 28 U.S.C. Sec. 2254, see Preiser v. Rodriguez, 411 U.S. 475 (1973); Hanson v. Heckel, 791 F.2d 93 (7th Cir.1986). The exhaustion requirement in that statute may not be evaded by seeking damages under Sec. 1983. Nonetheless, the state may waive the benefit of the exhaustion requirement, or forfeit its benefit by ignoring the subject. Granberry v. Greer, 481 U.S. 129 (1987). Defendants do not contend that Garner has neglected available state remedies; they do not contest his ability to bring a damages action in federal court. On this basis we, like the district court, reach the merits.
 
 
 4
 What happened to Garner appears to be a replay of Moody v. Daggett, 429 U.S. 78 (1976): the parole board issued a warrant and deferred holding a hearing. The step potentially prolongs incarceration and leads to deferred adjudication of the claim of parole violation. Moody held that this procedure violates none of the parolee's rights. Defendants do not seek judgment on this ground, however. Instead they maintain that they have absolute immunity from damages. This claim is more dicey than either jurisdiction or the merits, but even so defendants must prevail, as the district court held.
 
 
 5
 Thompson v. Duke, 882 F.2d 1180 (7th Cir.1989), holds that members of parole boards have absolute immunity for their adjudicative acts. Although one of the defendants is an officer rather than member of the Board, Garner does not argue that anything depends on this. He insists, however, that because the his parole expired before the Board issued its warrant, the board lacked "jurisdiction". By parallel to judges, who have immunity only when acting within their jurisdiction, Garner argues that the members of the Board lack immunity.
 
 
 6
 Judicial immunity does not depend, however, on procedural regularity. An immunity applicable only when the defendants did no wrong would be no immunity; it would be another word for the merits. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), says that the question is whether a judge acted in "clear absence of all jurisdiction". The resolution against a litigant of arguable jurisdictional issues does not expose the judge to personal liability if he turns out to have been wrong. See John v. Barron, 897 F.2d 1387 (7th Cir.1990); Dellenbach v. Letsinger, 889 F.2d 755 (7th Cir.1989); Lopez v. Vanderwater, 620 F.2d 1229 (7th Cir.1980). Errors, even "grave" ones, are covered by immunity rather than a reason to disregard immunity. Stump, 435 U.S. at 359, citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872).
 
 
 7
 If as Garner says his parole expired before the Board issued its warrant, and this terminated the Board's authority over him, a mistaken contrary decision is at most a grave error. Garner does not deny that he was a parolee, and that the Board has the authority to issue warrants for the violation of parole. Any parole board must determine the duration of the custody it exercises. Mistakes in the calculation of the last day of supervision take place from time to time. Although these are regrettable, they furnish no better reason to impose personal liability than did the sterilization order in Stump. Immunity is designed to deal with the errors inevitable in the operation of a complex system; errors accordingly are not sufficient grounds on which to overcome the immunity. Whether to issue a warrant was a question properly before these defendants, and their mistakes should be dealt with by requests for release rather than by demands for damages.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record