No. 90–5672.   BRESSMAN ET AL. v. FARRIER ET AL.   C. A. 8th Cir.; and

No. 90–5854.   YOUNG v. KENNY ET AL.   C. A. 9th Cir.   Certiorari denied.   Reported below: No. 90–5672, 900 F. 2d 1305; No. 90–5854, 907 F. 2d 874.

JUSTICE WHITE, with whom JUSTICE O'CONNOR joins, dissenting.

These petitions raise the questions whether the exhaustion requirement of 28 U. S. C. § 2254 applies when state prisoners, in a suit under 42 U. S. C. § 1983, challenge the duration or conditions of their confinement but seek only damages or declaratory relief. The Eighth Circuit held here that exhaustion is required for § 1983 actions which include challenges to the conditions, as well as to the length or duration, of confinement.   900 F. 2d 1305, 1308 (1990). See also *Offet* v. *Solem*, 823 F. 2d 1256 (CA8 1987).   The Seventh Circuit has adopted the contrary position.   See *Viens* v. *Daniels*, 871 F. 2d 1328, 1333–1334 (1989).   The Ninth Circuit held here that exhaustion is required for § 1983 actions seeking damages, so long as the requested relief requires as its predicate a determination that a prisoner's sentence is invalid or unconstitutionally long. 907 F. 2d 874, 876 (1990).   Although no Court of Appeals has held to the contrary, several have recognized the apparent tension between this position and the decisions of this Court in *Preiser* v. *Rodriguez*, 411 U. S. 475 (1973), and *Wolff* v. *McDonnell*, 418 U. S. 539 (1974).   See, *e. g.*, 907 F. 2d, at 877; *Viens, supra*, at 1333; *Gwin* v. *Snow*, 870 F. 2d 616, 623 (CA11 1989).

Because of the confusion and divergence of opinion these issues have generated in the Courts of Appeals, and the fact that this Court has not ruled definitively upon the issues presented, I would grant certiorari in these two cases.