944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger Lee CUTSINGER, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 90-35722.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1991.
Decided Sept. 16, 1991.
 
 Before EUGENE A. WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roger Lee Cutsinger appeals the dismissal of his habeas corpus petition. He argues that he is entitled to habeas corpus relief for an injury caused by the denial of adequate medical care in prison. We affirm.
 
 
 3
 A challenge to conditions of confinement should be presented in a section 1983 lawsuit rather than in a habeas corpus petition. Crawford v. Bell. 599 F.2d 890, 891-92 (9th Cir.1979). See also Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1989), cert. denied sub nom. Bressman v. Farrier, 111 S.Ct. 1090 (1991) (stating in dicta that section 1983 action is proper avenue of redress where prisoner wishes to challenge conditions of confinement). However, the Supreme Court has not foreclosed use of the habeas corpus writ to obtain review of conditions of confinement. See Bell v. Wolfish, 441 U.S. 520, 527 n. 6 (1979). When a pro se litigant labels a complaint seeking relief from prison conditions as a habeas corpus petition, the court treats the claim as a section 1983 action. Hansen v. May, 502 F.2d 728, 729-730 (9th Cir.1974).
 
 
 4
 We understand but reject Cutsinger's argument that he is entitled to bring a section 1983 action and a habeas corpus petition. Cutsinger makes the same claims and seeks the same relief in his habeas corpus petition as in his already pending section 1983 action. The section 1983 lawsuit is the proper vehicle for the claims. Dismissal of Cutsinger's habeas petition therefore was not error.
 
 
 5
 Because we affirm, we need not address Cutsinger's argument that he exhausted state remedies.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36.6