972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard R. GATES, Plaintiff-Appellant,
v.
Leonard ILJANA, Defendant-Appellee.
 No. 91-16775.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 5, 1992.
 
 Before EUGENE A. WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard R. Gates, a Nevada state prisoner, filed a complaint for damages pursuant to 42 U.S.C. § 1983, claiming that state officials had unlawfully coerced him to confess to a substantive offense. The district court concluded that Gates' claim fell within "the core of habeas corpus" and twice ordered him to complete a Statement Regarding Exhaustion. The court ultimately dismissed Gates' complaint for failure to comply with its orders. We have jurisdiction pursuant to 28 U.S.C. § 1291. See Fed.R.App.P. 4(b) ("notice of appeal filed after the announcement of a decision, sentence or order but before entry of the order or judgment shall be treated as filed after such entry and on the day thereof"). We affirm.
 
 
 3
 In Young v. Kenny, 907 F.2d 874 (9th Cir.1990), cert. denied sub nom., Bressman v. Farrier, --- U.S. ----, 111 S.Ct. 1090 (1991), Young claimed that state officials had unconstitutionally failed to apply jail-time credits to his prison sentence. Like Gates, Young sought only damages and did not challenge the fact or duration of his confinement. See id. at 876. We held:
 
 
 4
 The exhaustion requirement in federal habeas actions "is rooted in considerations of federal-state comity." [ Preiser v. Rodriguez, 411 U.S. 475, 491 (1973) ]....
 
 
 5
 * * *
 
 
 6
 Federal-state comity is a concern even where, as here, the prisoner does not specifically request the reduction of his sentence in the section 1983 complaint. Before a district court could award damages to Young, it would have to determine that his jail-time credits were unconstitutionally withheld.... [S]hould a federal court find a term of imprisonment unlawful without first giving the state court system an opportunity to correct its own constitutional errors, it may well result in "unnecessary friction between the federal and state systems." [Id. at 490.] Were the state court then to uphold the sentence, the prisoner would be entitled to bring federal habeas, perhaps in the same district court that had earlier ruled that the sentence was unlawful. The purpose of the exhaustion requirement--to give states the first opportunity to rule on the claims of state prisoners--would accordingly be frustrated. As a result, habeas must be the exclusive federal remedy not just when a state prisoner requests the invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that the sentence currently being served is invalid or unconstitutionally long.
 
 
 7
 Id. (emphasis added). The decisive issue, therefore, is whether it would have been necessary to determine the validity of Gates' sentence in order to award damages.
 
 
 8
 The district court could not have determined the truth of Gates' allegations without also determining whether his conviction was valid. Because Gates was still in prison, this issue could have resurfaced in subsequent state habeas proceedings, and the court's judgment may have created unnecessary friction between the federal and Nevada state courts. The court therefore ordered Gates to provide sufficient information so that it could determine whether state remedies had been exhausted. If the issue had not been presented to the Nevada state courts, then the court would have stayed the section 1983 proceedings until state remedies had been exhausted or Gates had been released. See id. at 878. If the issue had been presented to the Nevada state courts, then federal habeas review would no longer be the exclusive remedy because the purpose of the exhaustion requirement would not be frustrated by addressing Gates' claims. See id. at 878 and n. 3.
 
 
 9
 Gates' reliance on Maclin v. Paulson, 627 F.2d 83 (7th Cir.1980), Duncan v. Nelson, 466 F.2d 939 (7th Cir.), cert. denied, 409 U.S. 894 (1972), and Kerr v. City of Chicago, 424 F.2d 1134 (7th Cir.), cert. denied, 400 U.S. 833 (1970), is misplaced. These cases illustrate that a party whose confession is obtained in violation of his or her civil rights can, in some cases, pursue damages under section 1983. In Kerr, for example, Kerr had been released prior to bringing his section 1983 action. We understand Gates' argument, but the rule of law in the Seventh Circuit, like our own, is clear: if the requested relief requires as its predicate a determination that the sentence currently being served is invalid, then a party may proceed under section 1983 only if the claims (1) have been presented to the state courts or (2) the federal court's determination could not be used to compel the party's release from confinement. See Young, 907 F.2d 874; Hanson v. Heckel, 791 F.2d 93 (7th Cir.1986).
 
 
 10
 Gates was ordered three times to provide sufficient information so that the district court could determine whether his claims had been presented to the state courts. When he refused to do so, the district court did not abuse its discretion in dismissing his complaint without prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (district court demonstrated "more than adequate sensitivity to Ferdik's inexperience as a pro se litigant" by twice warning him that failure to amend complaint would result in dismissal).
 
 
 11
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3