**John Kenneth DEWYER, Plaintiff,**

v.

**Lt. Tina DAVIS, et al., Defendants.**

**No. C93–1302W.**

United States District Court,
W.D. Washington,
Seattle Division.

Dec. 15, 1993.

Order Granting Defendants Motion to
Publish Feb. 1, 1994.

---

John Kenneth Dewyer, pro se.

Penelope S. Nerup, Asst. Atty. Gen., Corrections Div., Olympia, WA and Peter H. Smiley, Asst. Atty. Gen. for defendants.

**ORDER GRANTING DEFENDANTS'
MOTION FOR STAY OF
PROCEEDINGS**

WEINBERG, United States Magistrate Judge.

■ (1) Where a state prisoner challenges the fact or duration of his confinement, his

---

**3.** The court need not consider plaintiffs' petition for attorney fees.

sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir.1990), *cert. denied, Bressman v. Farrier*, 498 U.S. 1126, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991). This is true even if the prisoner does not specifically request the reduction of his sentence in a 1983 complaint. *Young*, 907 F.2d at 876. "[H]abeas must be the exclusive federal remedy not just when a state prisoner *requests* the invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long." *Id.*

Plaintiff's complaint includes allegations of due process violations at a disciplinary hearing where plaintiff was sanctioned fifteen days in solitary confinement, and loss of thirty days good time conduct credits. Plaintiff is serving a determinate sentence which will be thirty days longer due to the sanction imposed. Determination of the due process issues presented in this action could therefore be used to collaterally attack plaintiff's deprivation of good conduct time credits in state court. Defendants' motion to stay this action until plaintiff either exhausts his state court remedies or is released from custody (docket 10) is therefore GRANTED.

(2) Plaintiff shall, within six months of the date of this Order, file a report on the status of state proceedings initiated to exhaust the issues stayed in this case. Failure to seek exhaustion of state remedies within this period, or to file the required status report, shall result in dismissal of this action for lack of prosecution.

(3) The Clerk is directed to send copies of this Order to plaintiff and to the Attorney General.

## ORDER GRANTING DEFENDANTS' MOTION TO PUBLISH

(1) Defendants' unopposed Motion to Publish this court's December 14, 1993 Order Staying Proceedings is GRANTED.

The court will submit the Order Staying Proceedings to West Publishing.

(2) The Clerk is directed to send copies of this Order to plaintiff, and to counsel for defendants.

### ATTACHMENT

Dec 30 1993

MAGISTRATE JUDGE
JOHN L. WEINBERG

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

John Kenneth Dewyer,

Plaintiff,

vs.

Lt. Tina Davis, et al.,

Defendants.

No. C93–1302W

DEFENDANTS' MOTION TO PUBLISH

**NOTE ON MOTION CALENDAR:**

January 21, 1993

The Defendants, by and through their attorneys, CHRISTINE O. GREGOIRE, Attorney General, PETER H. SMILEY and PENELOPE S. NERUP, Assistant Attorneys General, respectfully move this Court for an Order to Publish this Court's "Order Granting Defendants' Motion for Stay of Proceedings". This motion is based upon the record and file to date and the attached Memorandum in Support of Motion to Publish.

DATED this 29th day of December, 1993.

CHRISTINE O. GREGOIRE
Attorney General

/s/ Penelope S. Nerup

PENELOPE S. NERUP, WSBA # 20854
Assistant Attorney General

Peter H. Smiley, WSBA # 23047
Assistant Attorney General

ATTACHMENT

Dec 30 1993

MAGISTRATE JUDGE
JOHN L. WEINBERG

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF
WASHINGTON

AT SEATTLE

John Kenneth Dewyer,

Plaintiff,

vs.

Lt. Tina Davis, et al.,

Defendants.

No. C93–1302W

MEMORANDUM IN SUPPORT

OF MOTION TO PUBLISH

The Defendants, by and through their attorneys, CHRISTINE O. GREGOIRE, Attorney General, PENELOPE S. NERUP and PETER H. SMILEY, Assistant Attorneys General, offer this Memorandum in Support of Defendant's motion to publish this Court's "Order Granting Defendants' Motion for Stay of Proceedings."

### ARGUMENT

This Court granted Defendant's Motion to Stay Proceedings in its Order dated December 14, 1993. Pursuant to *Young v. Kenny*, 907 F.2d 874 (9th Cir.1990), *cert. denied*, 498 U.S. 1126, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991), the Court ordered proceedings stayed until the Plaintiff exhausted his state court remedies.

While this decision follows, rather than establishes, precedent, publication of this Order would significantly further the public interest and conserve judicial resources. In the status quo, inmate litigants, like the Plaintiff in the case at bar, frequently challenge the lengths of their sentences in federal courts without exhausting state remedies. These improper filings needlessly burden the federal docket and result in unnecessary motion practice.

The primary factor behind the inmates' decision to file in federal court appears to be the pro se inmate litigants' unfamiliarity with the *Young* decision and the exhaustion doctrine. A secondary factor may be confusion engendered by *Sisk v. CSO Branch*, 974 F.2d 116 (9th Cir.1992), and its relationship to *Young*. The relationship between *Young* and *Sisk* was the subject of the Court's November 16, 1993 Order Directing Further Briefing By the Parties.

Publication of the Order staying proceedings, which includes a clear and concise explanation of the effect of *Young* in prison disciplinary cases, would educate potential inmate litigants about the proper method of challenging prison disciplinary decisions. Instead of filing in the federal courts, only to have their cases stayed under *Young*, inmates would be notified that they should be filing in state courts in the first instance. The Order is a post–*Sisk* opinion, and would alert inmates to the continued validity of *Young*. Finally, the very comity interests at issue in *Young* and the case at bar would be furthered by publication of an Order which explains that the state courts are the proper location for filing these challenges to state action.

In the interest of judicial economy and comity, Defendants respectfully request that this Court publish its Order Granting Defendants' Motion to Stay Proceedings.

RESPECTFULLY SUBMITTED this 29th day of December, 1993.

CHRISTINE O. GREGOIRE

Attorney General

/s/ Penelope S. Nerup

PENELOPE S. NERUP, WSBA # 20854

Assistant Attorney General

Peter H. Smiley

PETER H. SMILEY, WSBA # 23047

Assistant Attorney General