25 F.3d 1037
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
James J. WHITMAN, Plaintiff, Appellant,
v.
Donald R. VENTETUOLO, Defendant, Appellee.
 No. 93-1902
 United States Court of Appeals,
First Circuit.
 June 7, 1994
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge ]
 James J. Whitman on brief pro se.
 Michael B. Grant, Senior Legal Counsel, Rhode Island Department of Corrections, on brief for appellee.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 James W. Whitman, a Rhode Island prisoner, filed a pro se complaint seeking declaratory relief and damages pursuant to 42 U.S.C. Sec. 1983. Whitman claimed that from 1979 to 1988 prison officials had repeatedly denied him the opportunity to donate blood in exchange for sentence reduction under a state statute then in effect. See R.I. Gen. Laws Sec. 42-56-25 (repealed June 1988). The district court, endorsing a magistrate-judge's report and recommendation, dismissed the complaint for failure to state a claim because, at its core, the complaint essentially sought sentence reduction to which money damages were merely subordinate, and, as such, presented only unexhausted habeas claims. With the modification discussed below, we affirm for substantially the reasons stated in the magistrate's June 15, 1993 report and recommendation, to which we add these comments.
 
 
 2
 To begin, Whitman's complaint for relief does not explicitly request a reduction of sentence; rather, he asks to be granted an "accreditation," i.e., a recognition, that but for defendant's conduct, he would otherwise have been entitled to 320 days of good-time. In addition, Whitman seeks $150 per day for each day he would have had deducted from his sentence had defendant not deprived him "of the opportunity to donate blood in exchange for a commensurate sentence reduction."
 
 
 3
 Although Whitman does not go so far as to say that he wants neither sentence reduction nor early release, he insists that the relief sought is solely to redress his deprivation of the due process rights recognized in Raso v. Moran, 551 F. Supp. 294 (D.R.I. 1982),[1] and that the district court mistakenly construed his complaint as a habeas corpus action solely because Whitman had phrased part of the relief sought as sentence related. Whitman contends that the designated 320-day good-time loss was simply to demonstrate for purposes of calculating damages how much time he could have earned if he had not been denied the opportunity to donate blood.
 
 
 4
 To the extent that Whitman seeks to shorten the duration of his confinement, the district court correctly found that such relief is cognizable only in federal habeas corpus, with its concomitant requirement of exhaustion of state remedies, 28 U.S.C. Sec. 2254(b). Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Whitman, however, also seeks declaratory relief and an award of monetary damages to which exhaustion would not apply. Id. at 494; see also Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Nonetheless, even though Whitman's complaint does not seek release from custody, the adjudication of his Sec. 1983 claims, at this juncture, would invariably require a federal court to address the question of the constitutionality of state procedures utilized to determine eligibility for the blood donor program. The "core" of Whitman's complaint is the alleged denial of the constitutionally protected opportunity to reduce his sentence by donating blood. Raso, in deciding what process was due before that opportunity could be taken away, observed that such a denial was substantially similar to the restoration of good- time credits considered in Wolff v. McDonnell, and found foreclosed under Preiser. Wolff, 418 U.S. at 554, 561; Raso, 551 F. Supp. at 300. Raso viewed the statutory right to participate in the blood donor program as one that "directly affects the duration of an inmate's sentence and possibly affects the actual duration of his confinement." Id. To that extent, it was proper to construe the complaint as a habeas petition and to require exhaustion. Preiser, 411 U.S. at 500; see Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1989) ("habeas must be the exclusive federal remedy not just when a state prisoner requests the invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that a sentence being served is invalid or unconstitutionally long") (collecting cases), cert. denied, 498 U.S. 1127; Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987) (Sec. 1983 complaint for declaratory relief and damages indirectly attacks the length of confinement and directly implicates the policies of federal-state comity requiring exhaustion). Whitman's request to amend would not yield a different result. See Bressman v. Farrier, 900 F.2d 1305, 1307 (8th Cir. 1990), cert. denied, 498 U.S. 1127.
 
 
 5
 Ordinarily, where, as here, the complaint could be read as invoking both a civil rights and habeas remedy,[2] the district court should stay rather than dismiss the suit. See, e.g., Young, 907 F.2d at 878; Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987); Offet, 823 F.2d at 1258 & n. 2; Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112, 1120 (5th Cir. 1987); Harper v. Jeffries, 808 F.2d 281, 285 (3d Cir. 1986); see also Guerro v. Mulhearn, 498 F.2d 1249, 1252 (1st Cir. 1974); cf. Heck v. Humphrey, 997 F.2d 355, 357-59 (7th Cir. 1993) (Sec. 1983 suit was properly dismissed rather than stayed indefinitely), cert. granted, 62 U.S.L.W. 3470 (1994). Thus, the district court should consider staying Whitman's Sec. 1983 action until the state courts are given the opportunity to resolve allegations of constitutional error involving the administration of the inmate early release blood donor program under R.I. Gen. Laws Sec. 42-56-25.
 
 
 6
 The district court judgment is affirmed insofar as it directs exhaustion of state remedies relating to alleged violations of any liberty interests inherent in R.I. Gen. Laws Sec. 42-56-25; the judgment is reversed insofar as it dismisses the Sec. 1983 action. The action is remanded for further proceedings consistent with this opinion. Unless the district court determines that the Sec. 1983 claims are time-barred, or that a dismissal without prejudice is adequate to preserve them, further district court proceedings on the Sec. 1983 claims should be stayed pending exhaustion of state remedies.[3]
 
 
 7
 Affirmed in part; reversed in part; remanded for further proceedings.
 
 
 
 [1]
 1. Raso decided that the statute created two separate constitutionally protected liberty interests. The first, and the one about which Whitman complains, is that "inmates have a legitimate expectation that they will be given the opportunity to donate blood up to four times a year in return for a ten-day sentence reduction absent disqualification for health reasons." Id. at 299. The second, triggered once a blood donation is made, entitles an inmate to a reduction in sentence. Id. Raso also decided that the statute required prison officials to establish and administer a blood donation program in which all qualified inmates could participate. Id. at 298. To protect an inmate from wrongful deprivation of the opportunity to give blood, Raso concluded that there must be notice and a statement of reasons for any disqualification as well as procedures by which inmates could challenge the accuracy of that determination and submit written evidence of their health status. Id. at 301
 
 
 [2]
 While we note that Granberry v. Greer, 481 U.S. 129, 135 & n. 7 (1987), would not require exhaustion of a nonmeritorious habeas petition, Whitman's petition raises a colorable federal claim
 
 
 [3]
 Alternatively, the district court may consider the propriety of a conditional stay. See, e.g., Dewyer v. Davis, 842 F. Supp. 1304, 1305 (W.D. Wash. 1993)