USCA1 Opinion

 

 June 7, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1902 JAMES J. WHITMAN, Plaintiff, Appellant, v. DONALD R. VENTETUOLO, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ James J. Whitman on brief pro se. ________________ Michael B. Grant, Senior Legal Counsel, Rhode Island Department _________________ of Corrections, on brief for appellee. ____________________ ____________________ Per Curiam. James W. Whitman, a Rhode Island ___________ prisoner, filed a pro se complaint seeking declaratory relief ___ __ and damages pursuant to 42 U.S.C. 1983. Whitman claimed that from 1979 to 1988 prison officials had repeatedly denied him the opportunity to donate blood in exchange for sentence reduction under a state statute then in effect. See R.I. ___ Gen. Laws 42-56-25 (repealed June 1988). The district court, endorsing a magistrate-judge's report and recommendation, dismissed the complaint for failure to state a claim because, at its core, the complaint essentially sought sentence reduction to which money damages were merely subordinate, and, as such, presented only unexhausted habeas claims. With the modification discussed below, we affirm for substantially the reasons stated in the magistrate's June 15, 1993 report and recommendation, to which we add these comments. To begin, Whitman's complaint for relief does not explicitly request a reduction of sentence; rather, he asks to be granted an "accreditation," i.e., a recognition, that ____ but for defendant's conduct, he would otherwise have been entitled to 320 days of good-time. In addition, Whitman seeks $150 per day for each day he would have had deducted from his sentence had defendant not deprived him "of the opportunity to donate blood in exchange for a commensurate sentence reduction." -2- Although Whitman does not go so far as to say that he wants neither sentence reduction nor early release, he insists that the relief sought is solely to redress his deprivation of the due process rights recognized in Raso v. ____ Moran, 551 F. Supp. 294 (D.R.I. 1982),1 and that the _____ district court mistakenly construed his complaint as a habeas corpus action solely because Whitman had phrased part of the relief sought as sentence related. Whitman contends that the _______ designated 320-day good-time loss was simply to demonstrate for purposes of calculating damages how much time he could have earned if he had not been denied the opportunity to donate blood. To the extent that Whitman seeks to shorten the duration of his confinement, the district court correctly found that such relief is cognizable only in federal habeas corpus, with its concomitant requirement of exhaustion of ____________________ 1. Raso decided that the statute created two separate ____ constitutionally protected liberty interests. The first, and the one about which Whitman complains, is that "inmates have a legitimate expectation that they will be given the opportunity to donate blood up to four times a year in return for a ten-day sentence reduction absent disqualification for health reasons." Id. at 299. The second, triggered once a ___ blood donation is made, entitles an inmate to a reduction in sentence. Id. Raso also decided that the statute required ___ ____ prison officials to establish and administer a blood donation program in which all qualified inmates could participate. Id. at 298. To protect an inmate from wrongful deprivation ___ of the opportunity to give blood, Raso concluded that there ____ must be notice and a statement of reasons for any disqualification as well as procedures by which inmates could challenge the accuracy of that determination and submit written evidence of their health status. Id. at 301. __ -3- state remedies, 28 U.S.C. 2254(b). Preiser v. Rodriguez, _______ _________ 411 U.S. 475, 500 (1973). Whitman, however, also seeks declaratory relief and an award of monetary damages to which exhaustion would not apply. Id. at 494; see also Wolff v. ___ ___ ____ _____ McDonnell, 418 U.S. 539, 555 (1974). Nonetheless, even _________ though Whitman's complaint does not seek release from custody, the adjudication of his 1983 claims, at this juncture, would invariably require a federal court to address the question of the constitutionality of state procedures utilized to determine eligibility for the blood donor program. The "core" of Whitman's complaint is the alleged denial of the constitutionally protected opportunity to reduce his sentence by donating blood. Raso, in deciding ____ what process was due before that opportunity could be taken away, observed that such a denial was substantially similar to the restoration of good-time credits considered in Wolff _____ v. McDonnell, and found foreclosed under Preiser. Wolff, 418 _________ _______ _____ U.S. at 554, 561; Raso, 551 F. Supp. at 300. Raso viewed the ____ ____ statutory right to participate in the blood donor program as one that "directly affects the duration of an inmate's sentence and possibly affects the actual duration of his confinement." Id. To that extent, it was proper to construe ___ the complaint as a habeas petition and to require exhaustion. Preiser, 411 U.S. at 500; see Young v. Kenny, 907 F.2d 874, _______ ___ _____ _____ 876 (9th Cir. 1989) ("habeas must be the exclusive federal -4- remedy not just when a state prisoner requests the ________ invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that a sentence being served is invalid or unconstitutionally long") (collecting cases), cert. denied, 498 U.S. 1127; Offet _____ ______ _____ v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987) ( 1983 _____ complaint for declaratory relief and damages indirectly attacks the length of confinement and directly implicates the policies of federal-state comity requiring exhaustion). Whitman's request to amend would not yield a different result. See Bressman v. Farrier, 900 F.2d 1305, 1307 (8th ___ ________ _______ Cir. 1990), cert. denied, 498 U.S. 1127. _____ ______ Ordinarily, where, as here, the complaint could be read as invoking both a civil rights and habeas remedy,2 the district court should stay rather than dismiss the suit. See, e.g., Young, 907 F.2d at 878; Mack v. Varelas, 835 F.2d ___ ____ _____ ____ _______ 995, 999-1000 (2d Cir. 1987); Offet, 823 F.2d at 1258 & n.2; _____ Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112, _____ ___________________________________ 1120 (5th Cir. 1987); Harper v. Jeffries, 808 F.2d 281, 285 ______ ________ (3d Cir. 1986); see also Guerro v. Mulhearn, 498 F.2d 1249, ___ ____ ______ ________ 1252 (1st Cir. 1974); cf. Heck v. Humphrey, 997 F.2d 355, ___ ____ ________ 357-59 (7th Cir. 1993) ( 1983 suit was properly dismissed ____________________ 2. While we note that Granberry v. Greer, 481 U.S. 129, 135 _________ _____ & n.7 (1987), would not require exhaustion of a nonmeritorious habeas petition, Whitman's petition raises a colorable federal claim. -5- rather than stayed indefinitely), cert. granted, 62 U.S.L.W. _____ _______ 3470 (1994). Thus, the district court should consider staying Whitman's 1983 action until the state courts are given the opportunity to resolve allegations of constitutional error involving the administration of the inmate early release blood donor program under R.I. Gen. Laws 42-56-25. The district court judgment is affirmed insofar as ________ it directs exhaustion of state remedies relating to alleged violations of any liberty interests inherent in R.I. Gen. Laws 42-56-25; the judgment is reversed insofar as it ________ dismisses the 1983 action. The action is remanded for ________ further proceedings consistent with this opinion. Unless the district court determines that the 1983 claims are time- barred, or that a dismissal without prejudice is adequate to preserve them, further district court proceedings on the 1983 claims should be stayed pending exhaustion of state remedies.3 Affirmed in part; reversed in part; remanded for ________ __ ____ ________ __ ____ ________ ___ further proceedings. _______ ___________ ____________________ 3. Alternatively, the district court may consider the propriety of a conditional stay. See, e.g., Dewyer v. Davis, ___ ____ ______ _____ 842 F. Supp. 1304, 1305 (W.D. Wash. 1993). -6-